124 F.3d 211
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bruce FLANAGAN and Joan FLANAGAN, Plaintiffs-Appellants,
v.
WELLS FARGO BANK; Carl Reichardt, Michael Patriarca,
Defendants-Appellees.
 No. 96-15063.
 United States Court of Appeals, Ninth Circuit.
 Sept. 18, 1997.
 
 1
 Appeal from the United States District Court for the Northern District of California, No. CV-93-2753 CAL; Charles A. Legge, District Judge, Presiding.
 
 
 2
 Before SCHROEDER and THOMAS, Circuit Judges, D. PREGERSON,** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Bruce Flanagan and Joan Flanagan (the "Appellants") appeal the district court's dismissal of their bankruptcy appeal for lack of jurisdiction. We review the district court's decision de novo [cite]. Because the parties are familiar with the facts, we will not recount them here except as may be required in discussing a particular issue.
 
 
 5
 We affirm the district court's dismissal of the Appellants' bankruptcy appeal. Appellants admittedly failed to filed a timely notice of appeal under Federal Rules of Bankruptcy Procedure ("Rule") 9006, and therefore the district court properly dismissed their appeal for lack of jurisdiction. See In re Slimick, 928 F.2d 304, 306 (9th Cir.1990) ("The untimely filing of a notice of appeal is jurisdictional.").
 
 
 6
 The Appellants also admittedly failed to file a request to the bankruptcy court to extend the time for filing an appeal within the 20-day period allowed under Rule 8002(c). Any request to the district court within the 20-day period is insufficient, because only the bankruptcy court, not the district court, may extend the time for filing a notice of appeal. F.R.B.P. 8002(c).
 
 
 7
 The district court properly applied Rule 8002. Contrary to Appellants' assertions, Rule 9033 does not determine the timeliness of the appeal because the bankruptcy court treated this matter as a core proceeding. It is within the discretion of the bankruptcy court to determine whether a proceeding is a core or a non-core matter. If the Appellants wished to contest the bankruptcy court's treatment of this matter as a core proceeding, then they should have filed a timely appeal under Rule 8002. See 28 U.S.C. § 158(c).
 
 Conclusion
 
 8
 The district court properly dismissed Appellants' bankruptcy appeal for lack of jurisdiction. Appellees' request for sanctions is denied.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3